AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
APR 19 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

United States of America )
v. )
Miguel Angel BRICENO-TORUNO )   Case No.
 )
 )
 )   3  19  70588  MAG
 )

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **January 30, 2018** in the county of **Alameda** in the
**Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal Reentry After Deportation |
| | Maximum 10 years term of imprisonment; maximum fine of $250,000; maximum term of supervised release of 1 year; mandatory $100 special assessment |

This criminal complaint is based on these facts:

Please see attached affidavit of United States Department of Homeland Security Immigrations and Customs Enforcement Deportation Officer Christopher Howe.

☑ Continued on the attached sheet.

Approved as to form _____
AUSA Michael A. Rodriguez

*Complainant's signature*

Christopher Howe, ICE Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4-19-19

*Judge's signature*

City and state: San Francisco, California

Hon. Jacqueline Scott Corley, Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF DEPORTATION OFFICER CHRISTOPHER HOWE IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Howe, Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement, being duly sworn, hereby declare as follows:

### INTRODUCTION AND PURPOSE OF AFFIDAVIT

1.      This affidavit is being submitted in support of a criminal complaint and arrest warrant charging Miguel Angel BRICENO-TORUNO (a/k/a Eduardo Cesar ESTRADALUEVANO, a/k/a Miguel BRICENO a/k/a Miguel Briceno GARCIA, a/k/a Elias Jose BRICENO, a/k/a Moise GARCIA), with unlawfully re-entering the United States after deportation, without the permission of the Attorney General or the Secretary of Homeland Security, in violation of 8 U.S.C. § 1326.

2.      Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or after September 20, 2017, within the Northern District of California, Miguel Angel BRICENO-TORUNO, an alien who had previously been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or the Secretary of the Department of Homeland Security having expressly consented to the defendant's application for admission into the United States, in violation of 8 U.S.C. § 1326. The statements contained in this affidavit are based on information provided to me by law enforcement officers, immigration officers and agents, and immigration records, as well as my training, experience, and knowledge of this investigation.

### AGENT'S BACKGROUND AND EXPERTISE

3.      I am a Deportation Officer of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) and have been so employed in this capacity since July 6, 2008. I am currently assigned to the Violent Criminal Alien Section (VCAS) of the San Francisco District Office. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, section 2510(7). I was trained as a Deportation Officer at the Federal Law Enforcement Training Center in Glynco, Georgia.

4.      As a Deportation Officer, I have conducted law enforcement duties to investigate, identify, locate arrest, detain, prosecute, and remove foreign nationals who pose a threat to national security and public safety. I have conducted complex investigations, executed arrests, prepared cases for removal proceedings, prosecution, and managed detention and removal of foreign nationals ordered removed from the United States by working with foreign, federal, state, and local law enforcement agencies.

## APPLICABLE LAW

5. Title 8, United States Code, section 1326 provides criminal penalties for "any alien who (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act."

## STATEMENT OF FACTS ESTABLISHING PROBABLE CAUSE

6. BRICENO-TORUNO is a 36-year-old male who has used at least five aliases in the past.

7. BRICENO-TORUNO is a native and citizen of Nicaragua since birth. He is not a United States citizen.

8. On May 12, 2005, BRICENO-TORUNO was convicted in the Superior Court of California, in the County of Alameda, for the offense of possession of a controlled substance, in violation of section 11350(a) of the California Health & Safety Code. For this crime, BRICENO-TORUNO was sentenced to 36 months probation.

9. On February 28, 2007, BRICENO-TORUNO was convicted in the Superior Court of California, in the County of Alameda, for the offense of battery, in violation of section 242 of the California Penal Code. For this crime, BRICENO-TORUNO was sentenced to 30 days in jail.

10. On August 29, 2007, BRICENO-TORUNO was convicted in the Superior Court of California, in the County of Alameda, for the offense of violating a court order to prevent domestic violence, in violation of section 273.6(A) of the California Penal Code. For this crime, BRICENO-TORUNO was sentenced to 60 days in jail and three years probation.

11. On September 18, 2008, BRICENO-TORUNO was convicted in the Superior Court of California, in the County of Alameda, for the offense of battery on a peace officer, in violation of section 243(b) of the California Penal Code. For this crime, BRICENO-TORUNO was sentenced to six days in jail.

12. On September 6, 2011, BRICENO-TORUNO was convicted in the Superior Court of California, in the County of Alameda, for the offense of resisting an executive officer, in violation of section 69 of the California Penal Code. For this crime, BRICENO-TORUNO was sentenced to 69 days in jail and five years probation.

13. On January 4, 2012, BRICENO-TORUNO was convicted in the United States District Court, District of Arizona, for the offense of unlawful entry, in violation of section 1325 of Tile 8 of the United States Code. For this offense, BRICENO-TORUNO was sentenced to 150 days in custody.

14. On October 11, 2012, BRICENO-TORUNO was convicted in the United States District Court, District of New Mexico, for the offense of reentry of a removed alien, in violation of section 1326(a) and (b) of Title 8 of the United States Code. For this crime, BRICENO-TORUNO was sentenced to 79 days in custody.

15. On May 10, 2017, BRICENO-TORUNO was convicted in the Superior Court of California, in the County of Santa Clara, for the offense of resisting, delaying, or obstructing an officer, in violation of section 148(a)(1) of the California Penal Code. For this crime, BRICENO-TORUNO was sentenced to five days in jail.

16. A review of BRICENO-TORUNO's immigration records show that on June 22, 2005, he was ordered removed by an immigration judge at Eloy, AZ.

17. BRICENO-TORUNO was physically removed on nine occasions:

| DATE | PLACE OF DEPORTATION |
|---|---|
| July 14, 2005 | Los Angeles, CA to Nicaragua |
| April 27, 2007 | San Francisco, CA to Nicaragua |
| November 5, 2007 | Los Angeles, CA to Nicaragua |
| November 5, 2008 | El Paso, TX to Nicaragua |
| June 8, 2010 | San Francisco, CA to Nicaragua |
| June 27, 2012 | El Paso, TX to Nicaragua |
| October 31, 2012 | El Paso, TX to Nicaragua |
| March 9, 2016 | Alexandria, LA to Nicaragua |
| September 20, 2017 | Alexandria, LA to Nicaragua |

18. BRICENO-TORUNO last entered the United States at or near an unknown place on or after his latest deportation/expedited removal on September 20, 2017, by crossing the international border without inspection after deportation.

19. On January 30, 2018, in the State of California, County of Alameda, which is in the Northern District of California, BRICENO-TORUNO was found by ICE pursuant to his arrest by the Alameda County Narcotics Task Force for possession of a controlled substance for sale, in violation of section 11351 of the California Health & Safety Code. ICE officers were able to confirm BRICENO-TORUNO's identity after his arrest. ICE determined that he was unlawfully present in the United States and had not received the permission of the Attorney General or the Secretary of Homeland Security to reenter the United States, which is a violation of 8 U.S.C. § 1326. However, because Alameda County dismissed the charge against BRICENO-TORUNO, he was released from custody before an immigration hold had been placed on him.

20. On March 17, 2019, BRICENO-TORUNO was encountered by ICE in the State of Florida, County of Miami-Dade, pursuant to his arrest by the Homestead Police Department for driving under the influence.

21. On March 17, 2019, BRICENO-TORUNO's fingerprints were taken by ICE as part of the standard booking procedures. The fingerprints were electronically submitted to the California Department of Justice, National Crime Information Center/Next Generation Identification, and DHS/ICE databases. Upon review of database information, it was determined that the fingerprints taken were associated with BRICENO-TORUNO's alien file and matched the individual who was deported on the previously-mentioned dates.

22. The District Records Manager of the San Francisco District, Citizenship and Immigration Services, DHS, or an agency employee acting at his direction, performed a search for records relating to BRICENO-TORUNO. On April 9, 2019, after a diligent search, no record was found to exist indicating that BRICENO-TORUNO obtained official consent from the Attorney General or the Secretary of Homeland Security at any time to reapply for admission into the United States.

## CONCLUSION

23. For the reasons stated above, I believe there is probable cause to believe that, on or after September 20, 2017, BRICENO-TORUNO unlawfully re-entered the United States after deportation, without the permission of the Attorney General or the Secretary of Homeland Security, in violation of 8 U.S.C. § 1326. I respectfully request that the Court issue the requested criminal complaint and arrest warrant.

_____
Christopher Howe
Deportation Officer
Immigration and Customs Enforcement

Sworn to before me this 19th day of April 2019

_____
HONORABLE JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4